**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Naomi B. Spector, Esq. (SBN 222573)
naomi@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PERKINS AND MONIQUE PERKINS,<br><br>Plaintiffs,<br><br>v.<br><br>LAW OFFICES OF ROSEN & LOEB,<br><br>Defendant. | Case No.: **'15CV2614 BEN JLB**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P);**<br><br>II.   **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32;**<br><br>III.   **CAL. PENAL CODE § 632.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts, and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. CHRISTOPHER PERKINS AND MONIQUE PERKINS ("Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the collection efforts of the LAW OFFICES OF ROSEN & LOEB ("Rosen & Loeb" or "Defendant") regarding Defendant's attempts to unlawfully and abusively collect a debt allegedly owed by Mr. Perkins, to Plaintiffs' detriment.

/ / /

/ / /

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b).

**COMPLAINT FOR DAMAGES**                                              PAGE 2 OF 10

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiffs, or to the Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. § 1692k. In addition, this Court has jurisdiction of Plaintiffs' supplemental State claims pursuant to 28 U.S.C. § 1367.

10. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.; (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32 ("RFDCPA"); and (iii) California Penal Code § 632.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in San Diego, California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and

(iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiffs Christopher Perkins ("Mr. Perkins") and Monique Perkins ("Ms. Perkins") (collectively, "Plaintiffs") are natural persons who reside in San Diego, California from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, and are "debtors" as that term is defined by California Civil Code § 1788.2(h) and consumers as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant Rosen & Loeb is located in the City of Encino, State of California.

15. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

17. Mr. Perkins allegedly incurred a financial obligation to the original creditor, OneMain Financial, that was money, property, or their equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another person and was therefore a "debt" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6).

18. Plaintiffs take no position with regard to the validity of the alleged debt.

19. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

20. Beginning in or about early 2013, Defendant began contacting Plaintiffs to collect the alleged debt. Defendant placed numerous calls to Plaintiffs, including to both of Plaintiffs' current cell phone numbers, and to Mr. Perkins's place of work. Plaintiffs did not, however, provide their current cell phone numbers or Mr. Perkins's work phone number to the original creditor or to Defendant. Moreover, Ms. Perkins was not listed on the paperwork for the original loan, and was never an authorized user on the credit account.

21. Despite the fact that Ms. Perkins was not authorized to receive calls regarding the account, Defendant left numerous messages on Ms. Perkins's cell phone concerning the debt. The messages stated, or were similar to: "This message is for Mr. Perkins . . . . This is Juliette Martinez calling from Law Offices of Rosen & Loeb . . . .. If you are not the party in question please hang up . . . . This is an attempt to collect a debt by a debt collector . . . . Please contact me about an important business matter . . . . Please return the call."

22. On June 22, 2015, at or around 1:18 p.m., Ms. Perkins answered a call from Defendant's representative, Juliette Martinez, that was placed to her cellular telephone. Ms. Martinez informed Ms. Perkins that she was calling to collect a debt. Ms. Perkins responded that Plaintiffs were seeking legal counsel to file bankruptcy, and asked Defendant to cease contacting them. Ms. Martinez replied that she needed the name and phone number of Plaintiffs' bankruptcy attorney, and that the calls would not cease until Plaintiffs actually filed for bankruptcy. Ms. Martinez further advised Ms. Perkins that filing bankruptcy might not be Plaintiffs' best option, and that they should consider settling instead.

23. On several occasions, Ms. Martinez contacted Ms. Perkins on her cell phone and advised her that, if Mr. Perkins did not return Defendant's calls, Defendant would have to contact him at work, and that Mr. Perkins could "get into a lot of trouble." Ms. Perkins informed Ms. Martinez that Mr. Perkins

was receiving disability, and was unable to work. Ms. Perkins further told Ms. Martinez that under no circumstances should Defendant contact Mr. Perkins's work.

24. Despite these conversations, Defendant called Mr. Perkins's place of employment, and left messages for Mr. Perkins. On information and belief, the messages left at Mr. Perkins's place of work contained information concerning the debt, and Defendant's collection efforts.

25. On at least one occasion, Defendant's agent told Ms. Perkins that Defendant would be filing a lawsuit against Mr. Perkins, and that it could affect his job. To date, Plaintiffs are not aware of any such lawsuit that has been filed.

26. On September 26, 2015, at 11:51 a.m., Ms. Perkins answered another call from Defendant's representative, Ms. Martinez, concerning the alleged debt. After a brief discussion about the debt, Ms. Perkins again told Ms. Martinez that Plaintiffs were working with an attorney, whereupon Ms. Martinez interrupted Ms. Perkins and told Ms. Perkins that she was lying. Ms. Martinez further told Ms. Perkins that, if Plaintiffs were in fact working with an attorney, Defendant still needed the attorney's contact information. Ms. Perkins began to provide the requested information, when Ms. Martinez again interrupted Ms. Perkins. At that point, several minutes into the call, Ms. Martinez began to provide Ms. Perkins with a disclosure that the call was being recorded. Ms. Martinez, however, never finished reading the disclosure because Ms. Perkins interrupted her to finish providing her attorney's contact information.

27. Through this conduct Defendant violated 15 U.S.C. § 1692c(a)(2), by contacting Plaintiffs despite Defendant's knowledge that Plaintiffs were represented by an attorney. In addition, Defendant violated 15 U.S.C. § 1692c(a)(3), by contacting Mr. Perkins's place of employment, even after Ms. Perkins informed Defendant that it was prohibited from making such contact.

28. In addition, Defendant violated 15 U.S.C. § 1692b and 1692c(b) by communicating with Ms. Perkins and, on information and belief, Mr. Perkins's employer. Defendant further violated these sections by stating to third parties, other than Mr. Perkins, that Mr. Perkins owed a debt, and by failing to cease communications once Ms. Perkins informed Defendant that Plaintiffs were represented by counsel.

29. Defendant also violated 15 U.S.C. § 1692d and 1692e by harassing Plaintiffs, including by making false statements and threatening to engage in legal action against Plaintiffs, and by threatening Mr. Perkins's employment.

30. Defendant also violated Cal. Civil Code § 1788.11 by communicating with Plaintiffs with such frequency as to be unreasonable and to constitute harassment, particularly after Ms. Perkins informed Defendant that Plaintiffs had retained counsel.

31. Defendant also violated Cal. Civil Code § 1788.12 by threatening to communicate information to Mr. Perkins's employer, to his detriment.

32. In addition, the above listed sections of 15 U.S.C. § 1692 are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION
### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to

15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

38. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT III
### ILLEGAL TELEPHONE RECORDING
### CALIFORNIA PENAL CODE SECTION 632
### [AS TO MS. PERKINS ONLY]

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy to the purpose, intent and specific protections of the Privacy Act, including Penal Code § 632. "California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).

41. In addition, California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication . . . intentionally records, or assists in the . . . intentional recordation of, a communication transmitted between . . . a cellular radio telephone and a

landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone without consent.

42. Defendant employed and/or caused to be employed certain recording equipment on the telephone line of the agent who placed calls to Ms. Perkins. These devices were maintained and utilized to record outgoing telephone conversation made by Defendant's agent.

43. As described above, on September 26, 2015, Defendant's agent failed to disclose to Ms. Perkins at the outset of the call that the call placed to her cellular telephone number was being recorded, in violation of California Penal Code § 632.7. Although Defendant's agent ultimately attempted to inform Ms. Perkins of the call recording, the agent did not do so until confidential information had already been exchanged. Moreover, the agent never completed the recording disclosure. Thus, Defendant failed to inform Ms. Perkins of the call recording, and failed to obtain her consent to such recording, in violation of California Penal Code § 632.7.

44. Based on the foregoing, Ms. Perkins is entitled to her statutory remedies and damages, including but not limited to those set forth in California Penal Code § 637.2.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

///

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of $5,000 for each violation of section 632 of the California Penal Code, or three times the amount of any actual damages sustained by Ms. Perkins, whichever is greater;
- For general damages according to proof;
- For special damages according to proof;
- For costs of suit;
- For prejudgment interest at the legal rate; and
- For any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: November 19, 2015

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Abbas Kazerounian___
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF